DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DESHONE Q'MAR COPELAND,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D21-1651

[August 10, 2022]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; William L. Roby, Judge; L.T. Case Nos. 562015CF000189A and 562012CF003648A.

Carey Haughwout, Public Defender, and Alan T. Lipson, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Deborah Koenig, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

We affirm the revocation of the defendant's probation and resulting sentences in all respects, except for the trial court's imposition of $50 in investigative costs and $200 in prosecution costs. We accept the state's concession of error as to the imposition of these costs because the state did not request that the investigative costs be imposed on behalf of the investigating agency pursuant to section 938.27(1), Florida Statutes (2019), and the prosecution costs exceed the maximum amount that can be imposed without "a showing of sufficient proof of higher costs incurred" as required by section 938.27(8), Florida Statutes (2019).

As to the investigative costs, "[t]rial courts cannot impose investigative costs 'where the record does not demonstrate that the state requested reimbursement for these costs.' If these costs are not requested by the state, they must be stricken and cannot be imposed on remand." *Bartolone v. State*, 327 So. 3d 331, 335 (Fla. 4th DCA 2021) (quoting *Desrosiers v. State*, 286 So. 3d 297, 300 (Fla. 4th DCA 2019); *see also* § 938.27(1), Fla. Stat. (2019) ("investigative costs incurred by law

enforcement agencies" may be imposed only "*if requested by such agencies*" (emphasis added)).  Thus, we strike the imposition of $50 in investigative costs.

As to the prosecution costs, the "[c]osts for the state attorney must be set in all cases at no less than . . . $100 per case when a felony offense is charged," and "[t]he court may set a higher amount upon a showing of sufficient proof of higher costs incurred."  § 938.27(8), Fla. Stat. (2019).  As we did in *Bartolone*, "[w]e therefore reverse the prosecution costs and remand for the trial court to impose $100 in accordance with statute, or to impose additional costs if sufficient findings are made."  327 So. 3d at 336 (quoting *Guadagno v. State*, 291 So. 3d 962, 963 (Fla. 4th DCA 2020)).

*Affirmed in part, reversed in part, and remanded with instructions.*

WARNER, FORST and ARTAU, JJ., concur.

*       *       *

**Not final until disposition of timely filed motion for rehearing.**